# Dilks & Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of Thursday, October 27, 2016 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and United Credit Recovery, LLC with an address of 5224 West SR 46, Suite 319, Sanford FL 32771 (the "Assignor").

**1. Recitals**

    1.1 Assignor is/was a properly named and lawful creditor in multiple bankruptcy cases as shown listed in Schedule A. (the "Cases"). As a creditor in the Cases, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amounts listed in Schedule A (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

    1.2 Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

    1.3 In the event that an account(s) listed in Schedule A do not provide remittances to the assignee within 400 days of the assignment, transfer, or conveyance by Assignor then the account(s) so specified will revert all rights, title, and interest in the account(s) to the Assignor thereby ending and further collection efforts by the Assignee on the specified account(s) that did not provide remittance by the Assignee.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

**2. Assignment of Interest.**

    2.1 *Assets Assigned*. The assets herein are assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Cases identified in Schedule A, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

    2.2 *Assignment of Interest*. As herein Assignor, hereby does assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee.

    2.3 *Consideration*. The consideration herein given by Assignee to Assignor shall be the sum of _____, to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

    2.4 Further Consideration. As further consideration, Assignor shall be entitled to ___ of any additional amounts recovered by Assignee over and above the Funds, or asset(s) herein assigned, if any.

    2.5 *Power of Attorney*. To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

**3. Closing.** The closing of the transaction herein shall be done immediately upon fulfillment of each parties obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration herein. Any closing costs shall be paid by the party incurring such costs.

**4. Representations and Warranties.**

    4.1 *Assignor*. Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement,

(b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the party of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay.

4.2 *Assignee*. Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement.

## 5. General Provisions.

5.1 *Enforceability*. This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance its terms except as may be limited by operation of law.

5.2 *Binding Effect*. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

5.3 *Notices*. Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

5.4 *Headings*. All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

5.6 *Mutual Writing*. This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

5.7 *Counterparts*. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

5.8 *Advice of Counsel*. Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

5.9 *Severability*. In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

5.10 *Choice of Law*. This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

5.11 *Time of the Essence*. The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____
Angie Wade – Authorized Signatory

Assignee: _____
Dilks & Knopik
Brian J Dilks
Member



## NOTICE OF ASSIGNMENT

For good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, United Credit Recovery, LLC ("Assignor"), hereby sells, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced claim(s).

The Assigned Claim(s): Listed on Schedule A (Labeled Assignment # 7)

CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale to be executed as of the Thursday, October 27, 2016.

United Credit Recovery, LLC

_____
Angie Wade – Authorized Signatory

# Schedule A

## Creditor: United Credit Recovery

| Line | Unclaimed Amount | Case Number | Debtor | Fee | District (Jurisdiction) (Court) | Claim Number | Purchase Price |
|---|---|---|---|---|---|---|---|
| 1 | $ 1,168.08 | 11-52938 | Frederick Kilgore | | Central District of California | 7 | $ |
| 2 | $ 446.43 | 11-15597-M | Stanley L. Fearon | | Northern District Of Ohio | 16 | $ |
| 3 | $ 245.13 | 11-25574-ABL | James Morris | | District Of Nevada | 9 | $ |
| 4 | $ 212.89 | 11-60617 | Desiree Lynn Caldwell | | District Of Montana | 9 | $ |
| 5 | $ 370.65 | 11-32933 | Jacquelynn Namle Bird | | Eastern District of California | 11 | $ |
| 6 | $ 630.63 | 11-25074 | Marvel Ray Kline | | District Of Nevada | 10 | $ |

D&K Initials _____   UCR Initials _____

Schedule A Page 1 of 1
Assignment #7



**United Credit Recovery**
"Your Distressed Debt Solution"

**Angie Wade**
5224 West SR 46 Suite 319
Sanford, Florida  32771

Cell     239.887.0343
Office   407.444.0447
Fax      877.486.5340
angie@unitedcreditrecovery.com
www.unitedcreditrecovery.com

# General Power of Attorney

Notice: This is an important document. Before signing this document, you should know these important facts. By signing this document, you are not giving up any powers or rights to control your finances and property yourself. In addition to your own powers and rights, you may be giving another person, your attorney-in-fact, broad powers to handle your finances and property. This general power of attorney may give the person whom you designate (your "attorney-in-fact") broad powers to handle your finances and property, which may include powers to encumber, sell or otherwise dispose of any real or personal property without advance notice to you or approval by you. THE POWERS WILL NOT EXIST AFTER YOU BECOME DISABLED OR INCAPACITATED. This document does not authorize anyone to make medical or other health care decisions for you. If you own complex or special assets such as a business, or if there is anything about this form that you do not understand, you should ask a lawyer to explain this form to you before you sign it. If you wish to change your general power of attorney, you must complete a new document and revoke this one. You may revoke this document at any time by destroying it, by directing another person to destroy it in your presence or by signing a written and dated statement expressing your intent to revoke this document. If you revoke this document, you should notify your attorney-in-fact and any other person to whom you have given a copy of the form. You also should notify all parties having custody of your assets. These parties have no responsibility to you unless you actually notify them of the revocation. If your attorney-in-fact is your spouse and your marriage is annulled, or you are divorced after signing this document, this document is invalid. Since some 3rd parties or some transactions may not permit use of this document, it is advisable to check in advance, if possible, for any special requirements that may be imposed. You should sign this form only if the attorney-in-fact you name is reliable, trustworthy and competent to manage your affairs. This form must be signed by the Principal (the person appointing the attorney-in-fact), witnessed by two persons other than the notary public, and acknowledged by a notary public.

I, __Leonard G. Potillo__, of __1882 Oakbrook Drive, Longwood, Florida 32779__, as principal, to grant a general power of attorney to, do hereby appoint: __Angela Wade__, of __2106 SE 7th Street, Pompano Beach Florida 33062__, my attorney-in-fact to act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters to the extent that I am permitted by law to act through an agent. The powers chosen below shall have the full force and effect given to them by their full enumeration as laid out in the text of the Power of Attorney Act of the laws of the State of __Florida__:

_____ (a) real estate transactions;
_____ (b) goods and services transactions;
_____ (c) bond, share and commodity transactions;
_____ (d) banking transactions;
_____ (e) business operating transactions;
_____ (f) insurance transactions;
_____ (g) estate transactions;
_____ (h) claims and litigation;
_____ (i) personal relationships and affairs;
_____ (j) benefits from military service;

General POA Pg.1 (03-13)

1 of 4

_____ (k) records, reports and statements;

_____ (l) retirement benefit transactions;

_____ (m) making gifts to my spouse, children and more remote descendants, and parents;

_____ (n) tax matters;

_____ (o) all other matters;

_____ (p) full and unqualified authority to my attorney-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney-in-fact shall select;

_[checked]_ (q) unlimited power and authority to act in all of the above situations (a) through (p)

If the attorney-in-fact named above is unable or unwilling to serve, I appoint __N/A__,
of __N/A__,
to be my attorney-in-fact for all purposes hereunder.

To induce any third party to rely upon this power of attorney, I agree that any third party receiving a signed copy or facsimile of this power of attorney may rely upon such copy, and that revocation or termination of this power of attorney shall be ineffective as to such third party until actual notice or knowledge of such revocation or termination shall have been received by such third party. I, for myself and for my heirs, executors, legal representatives and assigns, agree to indemnify and hold harmless any such third party from any and all claims that may arise against such third party by reason of such third party having relied on the provisions of this power of attorney. This power of attorney shall not be effective in the event of my future disability or incapacity. This power of attorney may be revoked by me at any time and is automatically revoked upon my death. My attorney-in-fact shall not be compensated for his or her services nor shall my attorney-in-fact be liable to me, my estate, heirs, successors, or assigns for acting or refraining from acting under this document, except for willful misconduct or gross negligence.

Dated: __Aug 11 2016__

**Signature and Declaration of Principal**

I, __Leonard G Potillo__, the principal, sign my name to this power of attorney this __11th__ day of __August 2016__ and, being first duly sworn, do declare to the undersigned authority that I sign and execute this instrument as my power of attorney and that I sign it willingly, or willingly direct another to sign for me, that I execute it as my free and voluntary act for the purposes expressed in the power of attorney and that I am eighteen years of age or older, of sound mind and under no constraint or undue influence.

_____
Signature of Principal    Leonard G. Potillo

**Witness Attestation**

I, __Robert Love__, the first witness, and I, __DEWAYNE LILES__, the second witness, sign my name to the foregoing power of attorney being first duly sworn and do declare to the undersigned authority that the principal signs and executes this instrument as his/her power of attorney and that he/she signs it willingly, or willingly directs another to sign for him/her, and that I, in the presence and hearing of the principal, sign this power of attorney as witness to the principal's signing and that to the best of my knowledge the principal

2 of 4

is eighteen years of age or older, of sound mind and under no constraint or undue influence.

_Robert L____ Robert Love_    _Dwy L Lf____ Dewayne Liles_
Signature of First Witness                                Signature of Second Witness

**Notary Acknowledgment**

State of _Florida_   County of _Escambia_

Subscribed, sworn to and acknowledged before me by _Leonard G. Potillo_, the Principal, and subscribed and sworn to before me by _Robert Love_ and _Dewayne Liles_, the witnesses, this _11th_ day of _Aug 2012_.

_Cari L. Mulcahey_
Notary Signature

Notary Public,
In and for the County of _Escambia_
State of _Florida_
My commission expires: _Sept 22, 2013_

Seal [Notary seal: KARI L. MULCAHEY, Notary Public - State of Florida, My Comm. Expires Sep 22, 2016, Commission # FF 130905, Bonded Through National Notary Assn.]

Who produced
US Dept of Justice
Fed Bureau of Prisons
ID# 60859-018
- 1965

**Acknowledgment and Acceptance of Appointment as Attorney-in-Fact**

I, _Angela Rachel Wade_ have read the attached power of attorney and am the person identified as the attorney-in-fact for the principal. I hereby acknowledge that I accept my appointment as Attorney-in-Fact and that when I act as agent I shall exercise the powers for the benefit of the principal; I shall keep the assets of the principal separate from my assets; I shall exercise reasonable caution and prudence; and I shall keep a full and accurate record of all actions, receipts and disbursements on behalf of the principal.

_[signature]_                    _8/16/2016_
Signature of Attorney-in-Fact        Date

**Acknowledgment and Acceptance of Appointment as Successor Attorney-in-Fact**

I, _N/A_ have read the attached power of attorney and am the person identified as the successor attorney-in-fact for the principal. I hereby acknowledge that I accept my appointment as Successor Attorney-in-Fact and that, in the absence of a specific provision to the contrary in the power of attorney, when I act as agent I shall exercise the powers for the benefit of the principal; I shall keep the assets of the principal separate from my assets; I shall exercise reasonable caution and prudence; and I shall keep a full and accurate record of all actions, receipts and disbursements on behalf of the principal.

_N/A_                        _N/A_
Signature of Successor Attorney-in-Fact    Date

3 of 4

General POA Pg.2 (03-13)

# ALL-PURPOSE ACKNOWLEDGMENT

State of __FL__

County of __Broward__

On __8-16-16__ before me, __Tim Adams__,
       DATE                              NAME OF NOTARY PUBLIC

personally appeared __Angela Wade__,
                           NAME(S) OF SIGNER(S)

☐ personally known to me  OR  ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), an that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Tim Adams
COMMISSION # FF 049859
EXPIRES: AUG. 29, 2017
WWW.AARONNOTARY.com

WITNESS my hand and official seal.

_____
SIGNATURE OF NOTARY

Place Notary Seal or Stamp Here

ATTENTION NOTARY: Although the information requested below is OPTIONAL, it may prove valuable to persons relying on this Acknowledgment and could prevent fraudulent reattachment of this certificate to another document.

**DESCRIPTION OF ATTACHED DOCUMENT**

__General Power of Attorney__
TITLE OR TYPE OF DOCUMENT

**THIS CERTIFICATE MUST BE ATTACHED TO THE DOCUMENT DESCRIBED AT RIGHT**

__4__
NUMBER OF PAGES

__8-16-16__
DATE OF DOCUMENT

_____
SIGNER(S) OTHER THAN NAMED ABOVE

4 of 4

## 2013 LIMITED LIABILITY COMPANY REINSTATEMENT

DOCUMENT# M09000000923

**FILED**
Jan 28, 2013
Secretary of State

**Entity Name:** UNITED CREDIT RECOVERY LLC

**Current Principal Place of Business:**

5224 W. STATE ROAD 46 #319
SANFORD, FL 32771

**New Principal Place of Business:**

**Current Mailing Address:**

5224 W. STATE ROAD 46 #319
SANFORD, FL 32771

**New Mailing Address:**

FEI Number: 8540    FEI Number Applied For ( )    FEI Number Not Applicable ( )    Certificate of Status Desired ( )

**Name and Address of Current Registered Agent:**

DORMAN, PAMELA
5224 W. STATE ROAD 46 #319
SANFORD, FL 32771   US

**Name and Address of New Registered Agent:**

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: PAMELA DORMAN
_____
Electronic Signature of Registered Agent                        Date

**MANAGING MEMBERS/MANAGERS:**

Title:      MGR
Name:       POTILLO, LEONARD
Address:    5224 W. STATE ROAD 46 #319
City-St-Zip: SANFORD, FL 32771

I hereby certify that the information indicated on this report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 608, Florida Statues.

SIGNATURE: LEONARD POTILLO                    MGR                    01/28/2013
_____
Electronic Signature of Signing Managing Member, Manager, or Authorized Representative / Date

Florida
DRIVER LICENSE CLASS E
redacted -526-0
ANGELA
WADE
2106 SE 7TH ST
POMPANO BEACH, FL 33062-6402
redacted -1961 SEX: F
ISSUED: 11-06-2013 HGT: 5-04
EXPIRES: 01-26-2022
REST:
ENDORSE:
REPLACED: 07-08-2014
ORGAN DONOR
SAFE DRIVER
Operation of a motor vehicle constitutes consent to any sobriety test required by law.

**Martha G. Bronitsky**
Chapter 13 Standing Trustee
United States Bankruptcy Court

22320 Foothill Blvd, #150, Hayward, CA 94545-1541
All Mail to: P.O. Box 5004, Hayward, CA 94540-5004
Telephone: (510) 266-5580
Fax: (510) 266-5589

April 13, 2016

United Credit Recovery
Po Box 953245
Lake Mary, FL 32795

Chapter 13 Case No.: 11-45825-WJL13
Re: Lucita Cuevas Love

We received a notification that the address for claim #5 filed by UNITED CREDIT RECOVERY, is no longer valid or has changed.

We have no authority to send payments to a different address, or send payments to a non-creditor absent a court order. Any change of address or transfer of claim **MUST** be filed with the Bankruptcy Court.

Oakland Bankruptcy Court
1301 Clay Street
Oakland, Ca 94612

Based on your correspondence, however, we will cease distributions and place an internal reserve on the claim. When we have accumulated an amount sufficient to pay the claim, we will send the funds to the Clerk of the Bankruptcy Court as an unclaimed dividend.

Sincerely,

/s/ Martha G. Bronitsky
Martha G. Bronitsky
Chapter 13 Standing Trustee

CC:

Patrick L Forte Atty
1624 Franklin St #911
Oakland, CA 94612

Lucita Cuevas Love
2301 Parish Drive
Walnut Creek, CA 94598

, 00000

*Address Proof*

# United Credit Recovery, LLC

## Account Statement

Statement Date: 07/11/2011

Account Number: redacted 4686

Name: redacted

Open Date: 01/02/2007

Original Creditor: Wells Fargo

Charge off Date: 04/27/2009

Date of Purchase: 03/18/2011

Charge off Balance: $203.38

Interest Charges: $0.00

Payments Applied: $0.00

Current Balance: $203.38

PO Box 953245 · Lake Mary FL 32795 · Phone: 877-762-4122

Address Proof